O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FERNANDEZ, | Case No. EDCV 14-00806 DDP (ASx) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | [Dkt. No. 12] |
| BIG LOTS STORES, INC.; MOLLIE HALL; FRANK LaROCCO, | |
| Defendants. | |

Presently before the Court are Plaintiff's motion to remand (Docket No. 12), Defendants' motion to dismiss (**Docket No. 8**), and Defendants' motion for judgment on the pleadings (**Docket No. 9**). For the reasons stated in this order, the motion to remand is GRANTED. As a result, Defendants' motions are **VACATED AS MOOT**.

**I. Background**

Plaintiff Daniel Fernandez ("Plaintiff") commenced this action in San Bernardino County Superior Court against his former employer, Defendant Big Lots, Inc. ("Big Lots"), and individuals Mollie Hall ("Hall") and Frank LaRocco ("LaRocco"), alleging wrongful termination claims under California law. Defendants then

removed the action to this Court, invoking diversity jurisdiction and claiming that Hall and LaRocco, California citizens, are sham defendants. See 28 U.S.C. § 1332(a)(1). Plaintiff has moved to remand the action to the state court, arguing that (1) Defendants Big Lots and Hall have failed to make a sufficient showing concerning their failure to obtain co-defendant LaRocco's joinder to the Notice of Removal; (2) Defendants have failed to meet their burden of showing that Big Lots' principal place of business is in Ohio; (3) the minimum jurisdictional amount in controversy for diversity jurisdiction does not exist because Plaintiff has stipulated that he is not seeking in excess of $75,000; and (4) Defendants have failed to meet their burden of showing that Hall and LaRocco are sham defendants.

**II. Legal Standard**

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). As the removing party, Defendant bears the burden of proving federal jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (explaining that courts resolve doubts as to removability in favor of remand).

///
///

### III. Discussion

Defendants have removed this action on the basis of diversity jurisdiction. Plaintiff makes several arguments in his motion to remand, challenging both the removal process itself and Defendants' claim that this Court has jurisdiction over the action. However, because the Court finds that Defendants have not met their burden of showing that Hall and LaRocco are sham defendants, the Court need not reach Plaintiff's other arguments.

Defendants removed the action pursuant to 28 U.S.C. § 1441(b), which permits removal under this Court's diversity jurisdiction, 28 U.S.C. § 1332. Generally, "[t]he presence of the non-diverse party automatically destroys original [subject matter] jurisdiction." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998). However, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); see also Zoqbi v. Federated Dept. Store, 767 F.Supp. 1037, 1041 (C.D. Cal. 1991). Such fraudulently joined "sham defendants" should be disregarded for purposes of subject matter jurisdiction. See McCabe, 811 F.2d at 1339. However, if a resident defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c). See Hunter v. Philip Morris USA, 582 F.3d 1039, 1048 (9th Cir. 2009).

In applying the fraudulent joinder rule, it should be emphasized that the state law must be "settled" and the complaint's deficiency must be "obvious." See McCabe, 811 F.2d at 1339. These

3

standards reflect the "general presumption against fraudulent joinder" that complements the "strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1046. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Under these principles, federal courts in this circuit have applied the fraudulent joinder rule only in cases where it is undisputably clear or "obvious" that the plaintiff states no cause of action against the non-diverse defendant. See, e.g., Kruso v. International Telephone & Telegraph Co., 872 F.2d 1416, 1427 (9th Cir. 1989) (affirming finding of fraudulent joinder where "none of the plaintiffs were personally involved in any of the transactions in question," which "deprives plaintiffs of standing to sue defendants"); McCabe, 811 F.2d at 1339 (affirming finding of fraudulent joinder in wrongful discharge action where non-diverse defendants had acted in managerial capacity and California law privileges any conduct in which "an advisor is motivated in part by a desire to benefit his principal"); Maffei v. Allstate California Ins. Co., 412 F.Supp.2d 1049, 1053 (E.D. Cal. 2006) (dismissing claims against non-diverse corporate defendant where evidence showed that defendant "has never conducted any business of any kind anywhere"); Brown v. Allstate Ins. Co., 17 F.Supp.2d 1134, 1136-37 (S.D. Cal. 1998) (dismissing claims against non-diverse individual defendants where defendants were named in complaint caption and headings but "no material allegations against these defendants are made" and defendants' names were entirely absent from "the body of the complaint"); Gasnik v. State Farm Ins. Co., 825 F.Supp. 245, 249 (E.D. Cal. 1992) (dismissing claims against non-diverse

4

insurance agents where state statute, case law, and parties' express contractual agreement established that insurance company accepted responsibility for the defendant agents' activities); Zoqbi v. Federated Dept. Store, 767 F.Supp. 1037, 1041-42 (C.D. Cal. 1991) (dismissing claims for breach of employment contract against non-diverse individual defendants, as defendants were plaintiff's managers and were not parties to the employment contract).

In the present case, Plaintiff's Complaint alleges facts regarding the conduct of Defendants Hall and LaRocco, as well as Big Lots, and brings claims pursuant to California Labor Code Sections 98.6, 132a, and 1102.5. (Complaint ¶ 11.) Section 98.6 provides that "[a] *person* shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee ... because the employee ... engaged in any conduct delineated in this chapter." Cal. Labor Code § 98.6(a) (emphasis added). Further, the statute provides that "[a]n *employer* who violates this section is liable for a civil penalty." Cal. Labor Code § 98.6(b)(3) (emphasis added). Defendants argue that the § 98.6 retaliation claims against Hall and LaRocco fail as a matter of law because that code section can only be used for a claim against the company-employer, not an individual supervisor. (Notice of Removal ¶ 15.) Defendant cites to Section 98.6(b)(1), (2), and (3), where it is stated that an "employer" is liable to an employee for violations of the provision.[1]

---

[1] Defendant also argues that Plaintiff's action pursuant to Section 132a fails as a matter of law because the Court lacks jurisdiction over it. (Notice of Removal, ¶ 15, n.2 (citing Gwin v.
(continued...)

5

Defendants cite to no California cases interpreting § 98.6 in a way that supports their position, but instead cite only to the statute itself, emphasizing the word "employer." In similar circumstances, California district courts have relied on California cases interpreting other, similar non-Labor Code statutes. See, e.g., Thompson v. Genon Energy Services, LLC, 2013 WL 968224, at *4 (N.D. Cal. 2013). In the absence of clear case law interpreting the issue of who may be held liable under § 98.6, in deciding whether Hall and LaRocco are sham defendants, the Court declines to anticipate how the California courts would handle the question of individual liability under § 98.6. See id.

In Thompson, the court was asked to analyze Labor Code Section 6310(a) in the context of a motion to remand. Id. It noted that subsection (a) of the provision provides that "[n]o person shall discharge or in any manner discriminate against any employee because the employee has done any of the following ...." Id. (citing § 6310(b)). It then noted that subsection (b) then provides that "[a]ny employee who is discharged ... or ... discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint ... of unsafe working conditions, ... shall be entitled to reinstatement and reimbursement for lost wages and work benefits

---

[1](...continued)
Target Corp., 2013 U.S. Dist. LEXIS 139891, 21 (N.D. Cal. 2013) (Workers' Compensation Appeals Board has exclusive jurisdiction over employee's wrongful termination claim under Section 132a).) Defendant further argues that Plaintiff's action pursuant to Section 1102.5 is barred by the one-year statute of limitations for a Section 1102.5 action. (Id. (citing Cal. Code Civ. Proc. § 340).) However, as the Court finds that the § 98.6 claims may be stated against Hall and LaRocco, the Court need not address Defendants' arguments with respect to the other code sections.

caused by the acts of the employer." Id. (citing § 6310(b)). The Thompson court remanded the case for lack of diversity jurisdiction, explaining that because "generally applicable laws *do* impose on individuals the obligation not to retaliate," it was "not ... obvious under the settled law of California that an action cannot proceed against individual supervisors under Labor Code § 6310." Id. at *5. Further, the use of the word "person" in § 6310(a) supported an interpretation of the statute that would allow individuals to be held liable for retaliation. Id. Therefore, the court reasoned that defendants had failed to meet the "heavy burden required to justify removal based on fraudulent joinder." Id.

Section 98.6 has a parallel structure to Section 6310. §§ 98.6(a-b), 6310(a-b). Therefore, the Court finds that the reasoning of Thompson is persuasive as applied to § 98.6. The Court is unwilling to speculate as to whether California courts would interpret § 98.6 as applicable only to employers or whether it also applies to individuals or "persons." See Thompson, 2013 WL 968224, at *5 ("While the policy arguments in the California cases may be powerful, relevant — even persuasive — it 'clearly would be inappropriate for this court in the context of a motion for remand to examine California public policy and determine whether California courts would be willing' to apply these arguments in ways in which they have not yet done so." (quoting Briano v. Conseco Life Ins. Co., 126 F.Supp.2d 1293, 1297 (C.D. Cal. 2000)); see also McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987).

Therefore, the Court finds that it is not clear or settled that Plaintiff cannot pursue a § 98.6 claim against Hall and/or

7

LaRocco. As a result, Defendants fail to meet the "heavy burden required to justify removal based on fraudulent joinder." Marble v. Organon USA, Inc., 2012 WL 2237271, at *6 (N.D. Cal. 2012). Because Hall and LaRocco are nondiverse defendants, their continued presence in this action destroys complete diversity. Therefore, Plaintiff's motion for remand is GRANTED.

**IV. Conclusion**

For the reasons stated in this order, the motion to remand is GRANTED. This action shall be remanded to the state court. Defendants' pending motions are VACATED AS MOOT.

IT IS SO ORDERED.

Dated: July 10, 2014

DEAN D. PREGERSON
United States District Judge

cc: order, docket, remand letter to
San Bernardino County Superior Court,
No. CIVDS1403021